IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SIMON TUSHA, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. GLR-20-2143 |
| STANLEY GREENFIELD, | * |
| Defendant. | * |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Stanley Greenfield's Motion to Dismiss Plaintiff's Complaint (ECF No. 7). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant Greenfield's Motion and transfer this case to the United States District Court for the Western District of Pennsylvania.

## I.  BACKGROUND[1]

This case involves actions taken by Greenfield in 2019 and 2020 while Plaintiff Simon Tusha was an inmate at the Federal Correctional Institution Loretto ("FCI Loretto"). (Compl. ¶¶ 1–12, ECF No. 1).[2] Greenfield is an attorney licensed in the State of Pennsylvania who maintains a law office in Pittsburgh, Pennsylvania. (See Greenfield

---

[1] Unless otherwise noted, the Court takes the following facts from Tusha's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[2] FCI Loretto is located in Cambria County, Pennsylvania, in the Western District of Pennsylvania. See Fed. Bureau of Prisons, FCI Loretto, https://www.bop.gov/locations/institutions/lor/ (last visited Apr. 8, 2021).

Decl. ¶¶ 2, 4, ECF No. 7-1).[3] Tusha alleges that he initially retained Greenfield to represent him in a criminal proceeding in September 2016. (Compl. ¶ 16). In 2018, Tusha was diagnosed with prostate cancer and multiple melanomas requiring immediate surgery and follow-up treatment. (Id. ¶¶ 18–19). In January 2019, Tusha was sentenced to twenty-one months of incarceration at FCI Loretto. (Id. ¶ 17).

Tusha sought Greenfield's services again in or around August 2019, hoping to pursue legal action to remedy inadequate medical care he was receiving during his incarceration. (Id. ¶¶ 1, 5). Between September and October 2019, Tusha met with several health care providers who agreed that he needed "critical and time sensitive medical treatment" relating to a diagnosis of multiple melanomas. (Id. ¶¶ 2, 21). FCI Loretto refused to provide Tusha the medical care he needed. (Id. ¶ 9). Tusha consulted with other inmates at FCI Loretto, conducted his own legal research, and advised Greenfield as to the best way to pursue a remedy for FCI Loretto's wrongful actions. (Id. ¶¶ 3–5). Tusha also provided evidence demonstrating the inadequate care he was receiving at FCI Loretto. (Id. ¶ 8). Among other things, Tusha sought to have his sentence modified so that he could obtain medical treatment at the Johns Hopkins Medical Center in Baltimore, Maryland. (Id.).

On the basis of advice he received from Greenfield, Tusha spent months pursuing administrative remedies within FCI Loretto. (Id. ¶ 6). Tusha alleges that this advice was incorrect and significantly delayed his efforts to obtain a remedy. (Id.). In or around

---

[3] Because Greenfield's Motion is brought under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), the Court may consider evidence outside the pleadings in ruling on the Motion. See Structural Pres. Sys., LLC v. Andrews, 931 F.Supp.2d 667, 671 (D.Md. 2013) (citations omitted).

December 2019, Greenfield concluded that Tusha's recommended course of action was correct and "filed a [18 U.S.C. §] 3582 motion with the Federal Court" seeking a remedy on Tusha's behalf. (Id. ¶ 7). The motion, however, failed to include certain relevant details about which Tusha had informed Greenfield. (Id. ¶ 9). Between December 2019 and March 2020, when Tusha requested copies of the § 3582 motion, Greenfield refused to provide them. (Id. ¶ 10). Greenfield finally provided Tusha a copy of the motion in or around March 2020. (Id.). Tusha alleges that upon reviewing the pleadings in the case, he discovered that Greenfield had allowed his motion to be wrongly dismissed by the court. (Id. ¶ 11). Moreover, Greenfield ultimately settled the case without Tusha's knowledge or consent. (Id. ¶¶ 7, 12).

Proceeding pro se, Tusha filed a Complaint against Greenfield on July 17, 2020. (ECF No. 1). The six-count Complaint alleges: breach of fiduciary duty (Count I); breach of contract (Count II); fraud upon the court (Count III); legal malpractice (Count IV); intentional infliction of emotional distress and pain (Count V); and negligent infliction of emotional distress and pain (Count VI). (Id. ¶¶ 22–40). Tusha seeks compensatory and punitive damages. (Id. ¶¶ 24, 27, 30, 34, 37, 40).

On October 1, 2020, Greenfield filed a Motion to Dismiss. (ECF No. 7). Tusha filed an Opposition to the Motion on October 16, 2020. (ECF No. 10). Greenfield filed a Reply on November 3, 2020. (ECF No. 11).

## II.     DISCUSSION

### A.     Standard of Review

#### 1.     Rule 12(b)(2)

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993)). If the existence of jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a prima facie showing of personal jurisdiction." Carefirst, 334 F.3d at 396; see also Mylan, 2 F.3d at 60; Combs, 886 F.2d at 676. In determining whether the plaintiff has proven a prima facie case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." Mylan, 2 F.3d at 60; Carefirst, 334 F.3d at 396. As set forth above, in resolving motions brought under Federal Rule of Civil Procedure 12(b)(2), the Court may consider evidence outside the pleadings. See Structural Pres. Sys., LLC v. Andrews, 931 F.Supp.2d 667, 671 (D.Md. 2013) (citations omitted).

Personal jurisdiction may be established through either of two avenues. If the defendant's contacts with the forum state form the basis for the suit, they may establish "specific jurisdiction." In determining whether specific jurisdiction exists, a court must consider: (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." Carefirst, 334 F.3d at 396; see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711–12 (4th Cir. 2002); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). If, however, the defendant's contacts with the state are not also the basis for the suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the state. Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 318 (1945). To establish general jurisdiction, the defendant's "affiliations with the State [must be] so continuous and systematic as to render it essentially at home in the forum state." Daimler AG v. Bauman, 571 U.S. 117, 139 (2014).

Absent a federal statute specifying different grounds for personal jurisdiction, federal courts may exercise jurisdiction in the manner provided by state law. Fed.R.Civ.P. 4(k)(1)(A). "[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." Carefirst, 334

F.3d at 396. With certain exceptions not at issue here, Maryland's long-arm statute provides for personal jurisdiction over a nonresident defendant to the extent the defendant:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply goods, food, services, or manufactured products in the State;
> (3) Causes tortious injury in the State by an act or omission in the State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
> (5) Has an interest in, uses, or possesses real property in the State; or
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b). "[T]o the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process clause." Dring v. Sullivan, 423 F.Supp.2d 540, 545 (D.Md. 2006) (quoting Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals, 887 F.Supp. 116, 118–19 n.2 (D.Md. 1995)).

### 2.     Rule 12(b)(3)

Federal courts are empowered to dismiss or transfer a case if venue is improper in the plaintiff's chosen forum. Fed.R.Civ.P. 12(b)(3). "In this circuit, when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." Jones v. Koons Automotive, Inc., 752 F.Supp.2d 670, 679–80 (D.Md. 2010)

(citing Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE, 216 F.Supp.2d 468, 471 (D.Md. 2002)). To survive a motion to dismiss or transfer venue pursuant to Rule 12(b)(3), the plaintiff must only make a prima facie showing that venue is proper. See Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). Courts may consider evidence outside the complaint and need not accept the pleadings as true when determining whether the plaintiff has sustained this burden. See Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). As with a motion to dismiss for lack of personal jurisdiction, "in deciding a motion to dismiss [for improper venue], all inferences must be drawn in favor of the plaintiff, and the facts must be viewed as the plaintiff most strongly can plead them." Three M Enters., Inc. v. Tex. D.A.R. Enters., Inc., 368 F.Supp.2d 450, 454 (D.Md. 2005) (internal quotation marks and citation omitted).

Venue may be proper in more than one district. The Court must therefore focus not on whether a given district is the best venue, but rather whether the relevant acts or omissions occurred within that district are "sufficiently substantial to support venue" in the plaintiff's chosen forum. Mitrano, 377 F.3d at 405. Courts making such a determination look to "the entire sequence of events underlying the claim" rather than only considering those facts that "directly led to the filing of the action." Id. (citations omitted).

When venue is improper in a plaintiff's chosen forum, the court may dismiss the case or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer is in the interests of justice where the "reason which constitutes an impediment to a decision on the merits in the transferor district . . . would not be an impediment in the transferee district," such as

7

incorrect venue or an absence of personal jurisdiction. Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988).

**B.     Analysis**

    **1.     Personal Jurisdiction**

Greenfield asserts that the Court lacks personal jurisdiction over him as it relates to this dispute. (Def.'s Mot. Dismiss Pl.'s Compl. ["Def.'s Mot."] at 1, ECF No. 7). As an initial matter, there is no question that this case involves specific, rather than general, jurisdiction, as Greenfield does not maintain systematic and continuous contacts with Maryland. See Daimler AG, 571 U.S. at 139. Moreover, the applicable subsection of the Maryland long-arm statute appears to be § 6-103(b)(1), which authorizes jurisdiction over a nonresident who "[t]ransacts any business or performs any character of work or service in the State."

For the purposes of the Court's jurisdictional inquiry, Greenfield states that he is not licensed to practice law in Maryland, nor does he maintain an office or a residence in Maryland. (Greenfield Decl. ¶¶ 3, 5, 7). Greenfield states that he performs no work in Maryland, does not conduct business in or directed at Maryland, and has not caused any injury by any act or omission in Maryland. (Id. ¶¶ 8–16). Tusha notes, however, that on one occasion he met with Greenfield in Tusha's daughter's Maryland residence in December 2018, where Greenfield provided legal advice to Tusha. (Pl.'s Reply Def.'s Mot. Dismiss ["Opp'n"] at 2, ECF No. 10).[4]

---

[4] Courts generally will not permit plaintiffs to revise their pleadings through their briefs. See Zachair, Ltd. v. Driggs, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) ("[Plaintiff] is

8

Greenfield argues that his single contact with Tusha in Maryland, a visit he made as a "favor" during a family trip, is insufficient to grant this Court personal jurisdiction over him. The Court disagrees. "[E]ven a single contact with the forum can satisfy the transaction of business standard in subsection (b)(1)." Hausfeld v. Love Funding Corp., 16 F.Supp.3d 591, 599 (D.Md. 2014) (citing Jason Pharm., Inc. v. Jianas Bros. Packaging Co., 617 A.2d 1125, 1130 (Md.Ct.Spec.App. 1993)). Under Maryland law, "a defendant need not even engage in 'commerce or transactions for profit' to come within the scope of § 6-103(b)(1) as long as the party's conduct represents purposeful activity in the forum State." Brown Inv. Advisory & Tr. Co. v. Allen, No. JKB-19-2332, 2020 WL 5833034, at *6 (D.Md. Sept. 29, 2020) (citing Malinow v. Eberly, 322 F.Supp. 594, 598 (D.Md. 1971)).

Greenfield cites no case to support the position that conducting business during an otherwise personal trip renders those contacts null for the purpose of the Court's jurisdictional analysis. This Court declines to create such an exception. See Dring, 423 F.Supp.2d at 545 ("[T]o the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process clause.") (quoting Joseph M. Coleman & Assocs., 887 F.Supp. at 118–19 n.2). Accordingly, the Court will not dismiss this case on the basis that it lacks personal jurisdiction.

---

bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."), aff'd, 141 F.3d 1162 (4th Cir. 1998). Given Tusha's pro se status and the fact that Greenfield's Motion is brought under Rules 12(b)(2) and 12(b)(3), however, the Court will consider this additional jurisdiction-related information in ruling on the Motion.

**2.    Venue**

Greenfield next argues this Court is an improper venue for this dispute. At bottom, the Court agrees and will transfer this case to the United States District Court for the Western District of Pennsylvania.

Plaintiffs in federal court are permitted to bring claims against defendants in the following venues:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In this case, Tusha has not alleged that Greenfield resides in Maryland or that a "substantial part of property that is the subject of the action" is situated in Maryland. Accordingly, venue is appropriate in this Court only if Tusha can establish that "a substantial part of the events or omissions giving rise to the claim occurred" in Maryland.

This case contains both contractual and tort claims. When considering a permissible venue for a tort claim, "courts will generally consider both where the activities arose <u>and</u> where the harm was felt." Coastal Lab'ys, Inc. v. Jolly, No. RDB-20-2227, 2020 WL 6874332, at *11 (D.Md. Nov. 23, 2020) (citing Seidel v. Kirby, 296 F.Supp.3d 745, 751–52 (D.Md. 2017)). In the context of contractual claims, "courts consider a number of

10

factors, including where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." Payne v. Howard Univ., No. RDB-20-1314, 2020 WL 7588260, at *2 (D.Md. Dec. 22, 2020) (quoting Structural Grp., LLC v. Fyfe Co., LLC, No. CCB-14-78, 2014 WL 3955439, at *3 (D.Md. Aug. 11, 2014)).

For both types of claims, the District of Maryland is not an appropriate venue for this lawsuit. The activities forming the basis for this lawsuit arose and the harm was felt in Cambria County, Pennsylvania, which is located in the Western District of Pennsylvania. Similarly, the contract was negotiated, executed, and performed in the Western District of Pennsylvania, and the alleged breach occurred in that district. It is true that in this District, "a substantial part of the events, as used in 1391(b)(2), does not mean a majority of the events." Coastal Lab'ys, 2020 WL 6874332, at *11. But in this case, Tusha can recount only one event that occurred in Maryland, and that event appears to be unsubstantial. This is insufficient for this Court to be an appropriate venue for this lawsuit.

Finally, the Court notes that a defendant "entity"—as opposed to a "natural person"—is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). Thus, this Court may have been an appropriate venue for this action if the lawsuit had been brought against a business. It was not. The only Defendant named in this lawsuit was Greenfield, a natural person. Accordingly, § 1391(c)(2) does not apply.

"When venue is improper in this district, the Court will ordinarily transfer the action rather than dismiss it." Sewell v. Commodity Futures Trading Comm'n, No. PX-16-2457,

2017 WL 1196614, at *4 (D.Md. Mar. 31, 2017), aff'd, 709 F.App'x 231 (4th Cir. 2018); see also Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988) (noting that transfer is in the interests of justice where the "reason which constitutes an impediment to a decision on the merits in the transferor district . . . would not be an impediment in the transferee district"). The appropriate venue for this claim is the Western District of Pennsylvania. Accordingly, the Court will transfer this action to that district.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Greenfield's Motion to Dismiss Plaintiff's Complaint (ECF No. 7) on the basis of improper venue and transfer this case to the United States District Court for the Western District of Pennsylvania. A separate Order follows.

Entered this 19th day of April, 2021.

/s/
George L. Russell, III
United States District Judge