IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| SIMON TUSHA, | ) | |
|---|---|---|
| | ) | Case No. 2:21-CV-00521-CRE |
| Plaintiff, | ) | |
| v. | ) | |
| STANLEY GREENFIELD | ) | |
| Defendant. | ) | |

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO
MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendant, Stanley Greenfield, by and through his counsel, Bethann R. Lloyd of DiBella Weinheimer, P.C. and in accordance with Rule 72 of the Federal Rules of Civil Procedure, respectfully Responds to Plaintiff's Objections to the Magistrate's Report and Recommendation as follows:

The Magistrate's Report and Recommendation accurately summarized the procedural history, the Court's Order requiring Plaintiff to file a Certificate of Merit (COM) by June 21, 2021 and Plaintiff's failure to comply with that Order. (R&R; ECF Doc. 34 pg. 4). Plaintiff did not file a COM by that deadline, did not ask for an extension and, in response to a Motion to Dismiss, filed a deficient COM without seeking permission and without any explanation as to why the deadline was missed. The COM was stricken by the Court. (ECF Doc. 24). The Magistrate determined Plaintiff's first COM was "clearly not in compliance with Pa.R.C.P. 1042.3." (R&R; ECF Doc. 34 pg. 10). Plaintiff filed another COM on August 25, 2021 (ECF Doc. 25), which Defendant moved to strike as still being deficient. (ECF Doc. 26). In filing his 2nd COM, again, Plaintiff did not seek permission or provide explanation for his tardiness in filing.

1

As explained by the Magistrate, Plaintiff was clearly on notice of the requirement to file a COM by June 21, 2021, yet he neither offered any rationale about why his COM was late, nor did he request an extension. (R&R, ECF Doc. 34, pg. 11). On this basis, the Magistrate recommended that Plaintiff's COM be stricken as untimely. (R&R., ECF Doc. 34, pg. 12). In the absence of a COM, the Magistrate also concluded that those claims requiring a COM to proceed should be stricken. (R&R. pg. 12 et seq.). In sum, the Magistrate's Recommendation turned on Plaintiff's untimely COM in combination with an assessment that a COM was needed for all but one claim.[1] The Magistrate's recommendation is correct in its analysis.

Plaintiff's first objection is that he did not agree to have a Magistrate review the matter at all. Plaintiff is obviously uninformed as to the process. A Magistrate may, pursuant to 28 U.S.C. §636(b)(1)(B) and FRCP 72, review a dispositive motion and make a recommendation to the District Court. Accordingly, Plaintiff's first Objection lacks merit.

Plaintiff's next objection is that he should be excused from the COM requirement. Plaintiff claims he tried, but could not find, an attorney to supply a COM. The entire purpose of the COM requirement is to prevent the filing of baseless professional liability claims and/or to eliminate frivolous claims early in the litigation process. Almes v. Burket, 881 A.2d 861, 866 (Pa. Super. 2005); Warren v. Folk, 886 A.2d 305, 309 (Pa. Super. 2005)("This requirement is designed to provide some assurance that the suit is not frivolous, but is based on an arguably meritorious assertion."). Accordingly, if a plaintiff cannot find an appropriate expert to support his claims, his frivolous claims will have been weeded out, fulfilling the purpose of the COM requirement. Plaintiff is not entitled to bypass the Rule.

---

[1] Although Plaintiff's final remaining claim of Fraud upon the Court was viewed with "skepticism" by the Magistrate (R&R pg. 16), that claim does not require a COM as a prerequisite to proceeding, as Defendant acknowledged previously. Otherwise, Plaintiff does not claim that the other claims did not legally require a COM, only that he should be excused form the requirement.

Plaintiff claims that he "diligently and relentlessly contacted law firms and lawyers" and that he conferred "with more than a dozen law firms in Pennsylvania" seeking such a COM and has still been unable to obtain such a certificate. Accepting these statements as true, the fact that Plaintiff tried and failed to secure a COM underscores that his case has absolutely no merit. Plaintiff's argument that Pennsylvania lawyers are reluctant to file a COM against other lawyers rings hollow upon even a cursory glance at the case load statistics, which reveal literally hundreds of professional liability cases, legal malpractice and otherwise, throughout the Commonwealth. *See*, https://www.pacourts.us/Storage/media/pdfs/20220110/171116-2020reportonline.pdf pg. 25). All such cases require a COM. Thus, the concept that a COM is not attainable in Pennsylvania for a *meritorious* case is nonsense.

Furthermore, although Plaintiff contends that he engaged in diligent efforts to obtain a COM, Plaintiff provides generalized statements with no detail. Plaintiff has not supplied the dates of contact (so as to know if any pre-dated the COM deadline), the number of firms, the names of the firms or lawyers, the practice area, or, and at a very minimum, whether he ever even actually talked to a lawyer. Rather, Plaintiff expects the Court to take Plaintiff's word for it that he tried and failed. Plaintiff has not demonstrated diligence or excuse for not obtaining a COM on a timely basis.

Moreover*, pro se* litigants are not excepted from the COM requirement. To the contrary, Pa.R.C.P. 1042.3(e) imposes additional requirements upon a *pro se* litigant. Unlike lawyers, *pro se* litigants are required to file the actual written statement from appropriate licensed professional such that it can be scrutinized. (Pa.R.C.P. 1042.3(e)). A *pro se* plaintiff cannot hide from the adverse party or the Court either the professional supplying the statement or the content of the statement.

Plaintiff cites <u>Ramos v. Quien</u>, 631 F. Supp. 2d 601, 612 (E.D. Pa. 2008) for the proposition that he should be excused from compliance. In <u>Ramos</u>, a plaintiff's lawyer timely sought an extension to file a COM. The lawsuit was then removed to Federal Court. Notwithstanding the removal, the Court of Common Pleas then granted an extension of time to file the COM, within which Plaintiff filed his COM. The Court excused the tardy filing (which was tardy for purposes of the Federal Court), in light of plaintiff's steps to comply in combination with the confusing procedural activity. <u>Ramos</u> bears no resemblance to this case. Here, Plaintiff was given explicit notice of the deadline, but ignored it. Plaintiff never requested an extension of time to file. Nor did he request permission to file *nunc pro tunc*. Rather the deadline passed. Only after the deadline passed, did Plaintiff file—without leave of court, a deficient 1st COM, without offering any excuse or explanation at that time as to its tardiness. The 2nd COM was filed in a similar manner. Plaintiff's untimeliness in filing a COM should not be excused.

Next, Plaintiff raises for consideration the qualifications of the out-of-state professional that Plaintiff utilized to supply both of his untimely COMs, specifically, Rachael L. Roberts. Defendant filed a Motion to Strike Plaintiff's 1st COM, which was granted. Defendant filed a Motion to Strike Plaintiff's 2nd COM as being untimely and still deficient, as Ms. Roberts is not an appropriate licensed professional. (ECF Doc. 26). Plaintiff is correct that the Magistrate did not expressly reach the issue of Ms. Robert's qualifications. However, as Plaintiff has raised the issue in his Objections, and this Court engages in a *de novo* review, Ms. Roberts' qualifications may be considered now.

Ms. Roberts, a younger lawyer practicing family law in Maryland, is not qualified in any respect to provide a COM, not by licensure, experience or subject matter expertise. Her singular qualification is that she is a lawyer licensed in another state. This is insufficient.

Plaintiff claims that any attorney who is licensed anywhere should qualify merely by virtue of being a member of any state bar. Again, Plaintiff is misinformed as to the law. Pennsylvania Rule of Civil Procedure 1042.3(a) requires that the Certificate of Merit must be provided by ""an **appropriate licensed** professional." The Comment to Rule 1042.3 adds further that the professional must be "an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony, or stated another way, the expert who supplies the statement must have qualification such that the trial court would find them sufficient to allow that expert to testify at trial." Plaintiff's proffered expert has not met any of these requirements.

This is a legal malpractice case involving actions allegedly taken by Attorney Greenfield in 2019 and 2020 while Plaintiff was an inmate at the Federal Correctional Institution Loretto ("FCI Loretto"), in Pennsylvania. He blames his lawyer for not obtaining him relief in Federal Court in the form of a reduction or change in his criminal sentence due to his medical needs. (ECF Doc. 1, Cmplt.).

Plaintiff concedes Ms. Roberts is not licensed in Pennsylvania and apparently, does not practice criminal law. Further, Ms. Roberts' resume reveals that she is not admitted to the bar of *any* Federal Court and does not practice in Federal Court. Instead, Ms. Roberts has been practicing for a mere 8 years in total, the last 5 of which have been in private practice focusing on family law in Maryland. This is not a family law case. Again, this case involves representation of an incarcerated individual and an attempt to reduce his sentence relating to a criminal conviction. None of Ms. Roberts qualifications suggest she has any specific expertise in the subject matter so as to be competent to attest to the standard of care. As argued in Defendant's Motion to Strike, standards of care can only be established through the expert testimony of a lawyer who has actually

practiced law and represented clients in the area in dispute, not merely researched the law as an academic exercise.  Ms. Roberts falls quite short at this point in her professional career.

Moreover, Plaintiff has now disclosed Ms. Roberts as his personal lawyer, which disqualifies her for yet another reason.  Rule 1042.3 requires that when a lawyer is representing a client in a case, the lawyer must obtain the COM from an appropriate licensed professional.  The Rule does not allow a plaintiff's lawyer to self-certify.  Defendant is unaware of any cases permitting certification by the same lawyer who is representing the plaintiff. Here, plaintiff contends he is *pro se*, but now acknowledges Ms. Rachel as his personal lawyer.  And, in her report, Ms. Rachel has offered to obtain "pro hac vici [sic]" status if needed, highly suggestive of the fact that she providing assistance to him on this case behind the scenes.  Thus, it appears clear she is assisting in this case, beyond just the COM.  As Plaintiff's personal counsel, Ms. Roberts is not an appropriate person to supply a COM.

Therefore, for all the foregoing reasons, as well as the original briefing, Defendant Stanley Greenfield requests that Court overrule Plaintiff's Objections and adopt the Report and Recommendation as to dismissal. Although Defendant disagrees with the Magistrate's recommendation in respect to the final remaining Count, Fraud upon the Court, Defendant can challenge that claim with additional factual context via future dispositive motion.

Respectfully offered:

/s/Bethann R. Lloyd
Bethann R. Lloyd, Esquire
DiBella Weinheimer, P.C.
429 4th Avenue, Suite 200
Law and Finance Building
Pittsburgh, PA 15219
(412) 586-2144
email:  brl@whc-pc.com
blloyd@d-wlaw.com
**Counsel for Defendant**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within **RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION** has been served on Plaintiff via email on January 14, 2022, and following that, also, via U.S. Mail postage-prepaid to the following address:

Mr. Simon Tusha
1060 Hidden Moss Drive
Cockeysville, MD  21030


*/s/Bethann R. Lloyd*
Bethann R. Lloyd, Esquire
***Counsel for Defendant***