**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| AIMON TUSHA, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-521 |
| | ) | |
| STANLEY GREENFIELD, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

I.   Introduction

This is a legal malpractice case arising out of the representation of pro se plaintiff Simon Tusha ("Tusha") by attorney Stanley Greenfield ("Greenfield") in a criminal matter.   On December 20, 2021, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 34), recommending that Greenfield's motion to strike a second Certificate of Merit ("COM") filed on behalf of Tuska as untimely (ECF No. 26) be granted and that Greenfield's motion to dismiss this case (ECF No. 19) be granted in part and denied in part.   Tusha filed objections to the R&R (ECF No. 36), which are now ripe for disposition.

II.   Procedural Background

The court will review the procedural history of this case in some detail because it is important to the outcome.   Tusha originally filed the complaint in the United States District Court for the Eastern District of Maryland. On April 19, 2021, that court granted Greenfield's motion to dismiss for lack of personal jurisdiction and transferred the case to this court (ECF Nos. 12, 13).   Tusha asserts the following claims under Pennsylvania law: (1) breach of fiduciary

1

duty; (2) breach of contract; (3) fraud on the court; (4) legal malpractice; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. This court has subject-matter jurisdiction under diversity of citizenship jurisdiction. The case was randomly assigned to a magistrate judge for pretrial proceedings. *See* LCvR 72.G.

On April 30, 2021, Greenfield filed a motion to postpone the filing of an answer until Tusha filed a COM. On May 3, 2021, the magistrate judge issued a text order stating, in relevant part: "**Pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a), a certificate of merit has to be filed with this complaint or within 60 days of its filing. Therefore, Plaintiff shall file a certificate of merit no later than 6/21/2021**." (ECF No. 18). The docket reflects that the order was mailed to Tusha at his address of record.

Tusha did not file a COM by June 21, 2021, as ordered. Tusha did not request an extension of time or respond in any way to the court's order. After the deadline expired, Greenfield filed the pending motion to dismiss the case in its entirety, with a brief in support (ECF Nos. 19, 20). The magistrate judge ordered Tusha to file a response to the motion to dismiss (ECF No. 21) and mailed a copy of the order to him.

Tusha did not comply with the court's order. Instead, on July 28, 2021, Tusha filed a COM (ECF No. 22). Greenfield filed a reply, contending that the COM failed to comply with Pa. R. Civ. P. 1042.3 (ECF No. 23). On August 4, 2021, the magistrate judge issued an order providing: "Upon review of the Certificate of Merit filed by Plaintiff [22], that document is stricken for failure to comply with [ ] both Pa.R.C.P. 1042.3 and this Court's order to file a brief in response to Defendant's Motion to Dismiss." (ECF No. 24). Tusha was again ordered to file a response to the motion to dismiss. *Id.* The striking of Tusha's first COM is not at issue.

Tusha again failed to comply with the court's order.  Instead, on August 25, 2021, Tusha filed a second COM.  Greenfield filed the pending motion to strike the second COM (ECF No. 26).  The magistrate judge's R&R (ECF No. 34) and Tusha's objections (ECF No. 36) followed.

III. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when a party objects to a magistrate judge's R&R on a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  A party who fails to make timely objections may lose the right to de novo review, but the court must give "reasoned consideration" to dispositive legal issues in the R&R "because a district court must take some action for a report and recommendation to become a final order and because '[t]he authority and the responsibility to make an informed, final determination ... remains with the judge.'"  *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (citations omitted).  The R&R in this case involves dispositive legal issues with respect to a motion to dismiss this case for failure to state a claim.  This court will review de novo those portions of the R&R to which Tusha objected and give reasoned consideration to the portion of the R&R which involved denial of Greenfield's motion to dismiss count 3.

IV. Analysis

   A.  Certificate of Merit

Tusha does not dispute that the filing of a COM is required as a matter of substantive Pennsylvania law.  *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive law under the *Erie* Rule and must be applied as such by federal courts.").  The magistrate judge thoroughly explained why the COM requirement applies to counts 1, 2, 4, 5 and 6 of Tusha's complaint, but does not apply to the claim in count 3 for fraud on the court (ECF No. 34 at 13-16).  Neither party objected to that portion of the R&R.

Tusha asserts the following objections to the R&R: (1) he did not consent to the magistrate judge reviewing this matter; (2) he should be relieved of the COM requirement; (3) he diligently attempted to obtain a COM by conferring with more than a dozen law firms, but without success; and (4) the second COM (ECF No. 25, filed on August 25, 2021) fulfilled his obligations under Rule 1042.3.  Tusha does not dispute that he failed to comply with the court's deadline for filing a COM and failed to seek an extension of time.  Tusha also does not dispute that his first COM was deficient, and the court did not authorize him to file a second COM.

Tusha's challenge to the authority of the magistrate judge to issue an R&R on this matter is without merit.  Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, magistrate judges are empowered to make recommendations on dispositive motions, subject to de novo review by an Article III judge.  28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

A defendant may challenge a COM as untimely or deficient through a motion to strike.

*Berger v. Hahnemann Univ. Hosp.*, No. CV 17-2295, 2017 WL 5570340, at *3 (E.D. Pa. Nov. 17, 2017), aff'd, 765 F. App'x 699, 704-05 (3d Cir. 2019) (dismissing a deficient COM from a pro se plaintiff filed 7 days late).  The court agrees with the magistrate judge's recommendation that Greenfield's motion to strike the second COM (ECF No. 26) be granted.  Tusha was specifically made aware that a COM was required in this case and the court ordered him to file a COM by June 21, 2021.  He failed to do so.  Tusha failed to provide any explanation for that failure or seek an extension of time.  The first COM Tusha filed (on July 28, 2021, well after the deadline and without leave of court) was stricken as late and noncompliant.

Tusha belated request to be relieved of the COM requirement is not persuasive.  As noted above, the COM requirement is part of the Pennsylvania substantive law and is designed to eliminate unfounded professional responsibility claims early in the case. *Almes v. Burket*, 2005 PA Super 289, ¶ 14 (Aug. 9, 2005) ("The purpose of requiring a certificate of merit is to help eliminate frivolous claims of professional negligence and, possibly, to help hasten the prosecution of the same.").  Tusha's consulting numerous law firms (at unspecified dates), each of which declined to issue a COM, does not excuse compliance with Rule 1042.3.  In any event, the second COM was filed long after the applicable deadline expired and without leave of court.  The court need not address the parties' respective arguments about whether the second COM was deficient.  It is properly stricken as untimely filed.

The court turns now to the magistrate judge's recommendation that Greenfield's motion to dismiss this case (ECF No. 19) be granted in part and denied in part and that counts 1, 2, 4, 5 and 6 be dismissed without prejudice.  For the reasons set forth above, a COM is required for those counts and Tusha's COM will be stricken.  The magistrate judge correctly explained that the lack

of a COM requires that those claims must be dismissed.

Upon first review, it may appear that Tusha's failure to file a COM should result in dismissal of the claims in their entireties with prejudice.  In *TranSystems Corp. v. Hughes Assocs., Inc.*, No. 1:14-CV-1541, 2014 WL 6674421, at *4 (M.D. Pa. Nov. 24, 2014), the court observed:  "In contrast to the substantive clarity of this rule, the procedural aspects of enforcement of Pennsylvania Rule 1042.3 to cases in federal court are somewhat murky."  In *Booker v. United States*, 366 F. App'x 425 (3d Cir. 2010), the court explained that the procedure provided under Pennsylvania law for a plaintiff's failure to comply with the COM requirements (i.e., entry of a judgment of non pros pursuant to Pa. R. Civ. P. 1042.6, with the plaintiff able to request that the judgment of non pros be stricken or opened pursuant to Pa. R. Civ. P. 3051) was "the equivalent of a dismissal **without prejudice**, and is not fatal to the plaintiff's suit **so long as his claims are not time-barred**."  *Id.* at 426–27 (emphasis added).  The corollary to this rule is that "dismissal **with prejudice** is proper when the statute of limitations has run on the claim."  *Morrison v. United States*, No. 20-1571, 2021 WL 4192086 at *7 (M.D. Pa. Sept. 15, 2021) (emphasis added).

The magistrate judge noted that Pennsylvania has a two-year statute of limitations for legal malpractice claims pursuant to 42 Pa. Cons. Stat. § 5524(7) (ECF No. 34 at 13).  Although perhaps not articulated explicitly, the court understands that the magistrate judge recommended that Tusha's claims be dismissed with prejudice to the extent they are based on conduct that occurred more than two years ago.  *See* ECF No. 34 at 16 n. 10 (noting that the filing of an Amended Complaint does not extend the time for Tusha to file a COM and stating that "Plaintiff should be mindful of the statute of limitations" if he chooses to file a new action).

6

The court agrees with that recommendation.  Tusha failed to comply with the court's order to file a proper COM by the deadline established by the court.  *See Jackson v. United States*, No. 1:20-CV-165, 2021 WL 5359161, at *4 (M.D. Pa. Nov. 17, 2021) ("Because the exceptions to filing a certificate of merit under Pennsylvania law do not apply to [the plaintiff's] claims, his [ ] claim fails as a matter of law. Therefore, the court concludes that granting leave to amend would be futile.").

That conclusion does not end the analysis.  The magistrate judge recognized that Tusha's complaint alleged conduct by Greenfield that may be within the two-year statute of limitations period (ECF No. 34 at 13).  The magistrate judge, therefore, correctly recommended that counts 1, 2, 4, 5 and 6 of the complaint be dismissed without prejudice to the extent that Tusha is able to state valid claims based upon conduct that is not time-barred.  Greenfield does not object to this aspect of the R&R and the court agrees with this recommendation.

In summary, counts 1, 2, 4, 5 and 6 will be dismissed with prejudice with respect to conduct that occurred beyond the two-year statute of limitations period.  The dismissal will be without prejudice to Tusha's ability to file an Amended Complaint (accompanied by a proper COM) based solely upon conduct that is within the statute of limitations period.

B.  Fraud on the Court Claim

Greenfield filed a motion to dismiss the "fraud upon the court" claim in count 3 of the complaint for failure to state a claim.  The magistrate judge viewed the allegations in count 3 with skepticism, but recommended that the motion to dismiss count 3 be denied (ECF No. 34 at 15-16).  Greenfield noted his disagreement with the magistrate judge's recommendation not to dismiss the fraud on the court claim, but did not file formal objections and stated he will

challenge that claim in a future dispositive motion (ECF No. 37 at 6).  As noted above, the court must give reasoned consideration to this aspect of the R&R.

Pursuant to Federal Rule of Civil Procedure 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Actions for fraud upon the court are rare and challenge "the very principle upon which our judicial system is based: the finality of a judgment."  *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005).  A litigant asserting a "fraud on the court" claim faces "not just a high hurdle to climb but a steep cliff-face to scale."  *Id.* (affirming dismissal pursuant to Rule 12(b)(6)). To "meet the necessarily demanding standard for proof of fraud upon the court," there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court.  *Id.*

A determination of fraud on the court may be justified only by "the most egregious misconduct directed to the court itself," and "must be supported by clear, unequivocal and convincing evidence."  *Id.* at 386-87.  The "egregious misconduct" must be akin to bribery of a judge or jury or fabrication of evidence by counsel.  *Id.* at 390. "[P]roof of perjury is not enough to establish fraud upon the court."  *Id.* at 391.  As explained in *Wei v. Pennsylvania*, No. 21-2059, 2021 WL 4544139 (3d Cir. Oct. 5, 2021) (non-precedential) (rejecting a fraud on the court claim premised on false statements in court filings):

> "[C]laims of false statements by lawyers or parties are a serious matter and might meet some definitions of 'fraud,' but the phrase 'fraud on the court' has a special, well-understood and limited office." *Torres v. Bella Vista Hosp., Inc.*, 914 F.3d 15, 19 (1st Cir. 2019). "Inaccurate assertions in lawsuits are commonplace," and do not generally rise to the level of "fraud on the court."

*Id.* at *2.

The allegations in Tusha's complaint fail to meet the standard in Rule 9 to plead fraud with particularity.  Tusha acknowledged that Greenfield filed a motion to modify his sentence which "properly incorporated the majority of relevant issues raised by the Plaintiff."  Complaint ¶ 7.  Tusha pleaded that some of the deficiencies in his medical care "were set forth in the motion Defendant filed in federal court."  Complaint ¶ 9.  The Complaint alleges that "Defendant allowed the Court to dispose of Plaintiff's motion as moot, based upon NOTHING but the government's 'assurance' in response to the Court's inquiry during a phone conference regarding Plaintiff's medical need, that the AUSA spoke with officials at the BOP, and that Plaintiff was as a result of those conversations, receiving appropriate medical care for his conditions." Complaint ¶ 11.  Tusha's theory is that Greenfield "colluded with the AUSA submitting false information to [the judge], including but not limited to, that the BOP, based upon a conversation with the AUSA, was providing appropriate medical care to Plaintiff"; the false information allegedly deceived the judge, who denied Tusha's motion; and Tusha's medical conditions remained untreated.  (Complaint ¶¶ 28-29).  Tusha seeks compensatory and punitive damages. (Complaint ¶ 30).

It is readily apparent from review of the Complaint that Tusha failed to allege with particularity any conduct by Greenfield that would support a fraud on the court claim.  There are no factual allegations of bribery, fabrication of evidence or similarly fundamental misconduct by Greenfield.  The Complaint does not plead any actual misstatements by Greenfield to the court and concedes that Greenfield's motion incorporated the issues raised by Tusha and set forth deficiencies in his medical care.  At most, the Complaint alleges that Greenfield failed to correct alleged misstatements made by the AUSA (who is not named as a party in this litigation) during

a telephone conference with the court.  Tusha's averment that Greenfield "colluded with the AUSA" is conclusory and unsupported by factual allegations.

Upon reasoned consideration review, the court determines that Greenfield's motion will be granted and count 3 of the complaint will be dismissed without prejudice.


V.  Conclusion

For the reasons set forth above, Tusha's objections to the R&R are overruled.  After a de novo review, the magistrate judge's recommendation that the second COM be stricken will be adopted; and the recommendation that counts 1, 2, 4, 5 and 6 be dismissed with prejudice with respect to conduct beyond the two-year statute of limitations, and without prejudice to Tusha's ability to file an amended complaint with respect to conduct within the two-year statute of limitations, will also be adopted.  Upon reasoned consideration review, Greenfield's motion to dismiss count 3 will also be granted and count 3 will be dismissed without prejudice.  The R&R (ECF No. 34) will be adopted in part as the opinion of the court, as supplemented in this opinion. Defendant's motion to dismiss the complaint (ECF No. 19) will be granted; and the motion to strike the second COM (ECF No. 26) will be granted.


An appropriate order follows.


Date:  March 1, 2022                        BY THE COURT:

                                             /s/ *Joy Flowers Conti*
                                            Joy Flowers Conti
                                            Senior United States District Judge

10